Commonwealth *v.* Ashley.

COMMONWEALTH *vs.* SARAH M. ASHLEY.

An indictment on Rev. Sts. *c.* 130, § 8, which avers that the defendant unlawfully kept and maintained a house of ill fame, resorted to for the purposes of prostitution and lewdness, is sufficient, without alleging that the house was resorted to by divers persons, men as well as women, or that the defendant kept it for lucre.

THE indictment alleged that the defendant, " at New Bedford in the county of Bristol, on the first day of June in the year eighteen hundred and fifty three, and on divers other days and times between that day and the day of finding this indictment, a certain house of ill fame, resorted to for the purpose of prostitution and lewdness, unlawfully did keep and maintain, against the peace of said commonwealth, and contrary to the form of the

statute in such case made and provided." The defendant, being convicted, moved in arrest of judgment " because the indictment was insufficient to found a judgment upon; " and that motion being overruled by the court of common pleas, she alleged exceptions.

*E. L. Barney*, for the defendant. The indictment should have alleged that the house was resorted to by divers citizens of the Commonwealth, men as well as women; and that the defendant kept and maintained said house for her own lucre and gain. See the precedents in D. Davis's Justice, (1st ed.) 422, and *Rex* v. *Higginson*, 2 Bur. 1233.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. By the eighth section of *c.* 130 of the revised statutes, to " keep a house of ill fame, resorted to for the purpose of prostitution or lewdness," is made, of itself, a distinct punishable offence. This indictment sets forth that offence in the words of that section. And we are of opinion that this is a case in which an indictment, so framed, is sufficient; because no allegation of any thing more than those words, *ex vi terminorum*, import, is necessary in order to show that the defendant has committed the statute offence. According to the rule of pleading, laid down in 2 Hawk. *c.* 25, § 111, it is sufficient, in an indictment, to pursue the very words of a statute, if by so doing the act, in the doing of which the offence consists, is fully, directly and expressly alleged, without any uncertainty or ambiguity. That is done in the present indictment. See *Commonwealth* v. *Pray*, 13 Pick. 362 ; *Stratton* v. *Commonwealth*, 10 Met. 221 ; *Commonwealth* v. *Boon, ante*, 75 ; 1 Gabbett Crim. Law, 289, 290.

In the case of *Jennings* v. *Commonwealth*, 17 Pick. 80, the question was left open, whether it is necessary, in an indictment at common law for keeping a house of ill fame, to allege that such house was kept for lucre. But we have no doubt that, in an indictment on Rev. Sts. *c.* 130, such allegation is unnecessary. Keeping the house for lucre is no part of the offence there described. See *The State* v. *Bailey*, 1 Foster, 345.

*Exceptions overruled.*